Filed 1/6/26  P. v. Fakinos CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GREGORY FAKINOS,<br><br>    Defendant and Appellant. | G065154<br><br>(Super. Ct. No. 21CF1085)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Lance P. Jensen, Judge. Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Gregory Fakinos (Defendant) appeals from an order denying at the prima facie stage his petition for resentencing made pursuant to Penal Code section 1172.6.[1] Defendant's appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) to inform us that counsel had found no arguable issues and to request that we exercise our discretion to conduct an independent review of the record. Counsel also suggested one issue for our consideration.

Defendant was given the opportunity to file a supplemental brief on his own behalf and was given notice pursuant to *Delgadillo* that if no supplemental brief was filed, the court might dismiss the appeal as abandoned. Defendant has filed a supplemental brief.

We have conducted an independent review of the record and find no arguable issues on appeal. The issue suggested by counsel has no merit. We have evaluated the arguments presented by Defendant in his supplemental briefs and conclude none has merit. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) We therefore affirm.

BACKGROUND

A jury found Defendant guilty of one count of attempted murder (§§ 187, subd. (a), 664, subd. (a)) and found true the allegation that he committed the attempted murder willfully, deliberately, and with premeditation and that in the course of committing attempted murder he inflicted great bodily injury on another person who was not an accomplice (§ 12022.7, subd. (a)). The trial court sentenced Defendant to a term of seven years to life on the attempted murder conviction with a consecutive

---

[1] All statutory references are to the Penal Code.

three-year term for infliction of great bodily injury. We affirmed the judgment in *People v. Fakinos* (June 1, 2022, G060909) [nonpub. opn.] (*Fakinos I*).

In October 2023, Defendant filed a form petition for resentencing pursuant to section 1172.6. He checked the boxes for the standard allegations that (1) a complaint, information, or indictment was filed against him which allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) he was convicted of attempted murder following a trial; and (3) he could not presently be convicted of attempted murder due to changes made to sections 188 and 189. Defendant was appointed counsel.

With his resentencing petition, Defendant submitted copies of the abstract of judgment, the register of actions, the information, the verdict forms, our opinion in *Fakinos I, supra*, G060909, and the jury instructions. The District Attorney filed opposition in response to Defendant's petition for resentencing. Defendant filed a reply to the District Attorney's opposition.

Following a hearing on December 20, 2024, the trial court denied Defendant's resentencing petition at the prima facie stage. In a written statement of decision, the court concluded: "In sum, a defendant convicted of attempted murder is ineligible for relief as a matter of law if the jury was not instructed with a natural and probable consequences theory. (See e.g. *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Since [Defendant]'s jury was not instructed with a natural and probable consequences theory, he is ineligible for relief as a matter of law."

ISSUE PROPOSED BY COUNSEL

Defendant's counsel has suggested the following issue for our consideration: "Did the trial court err by denying the petition without

3

appointing counsel for appellant under section 1172.6, subdivision (b)(3) or ordering briefing under section 1172.6, subdivision (c)?" The issue is based on erroneous suppositions. Defendant was appointed counsel to represent him in the resentencing proceeding in the trial court. Pursuant to section 1172.6, subdivision (c), the District Attorney filed a brief in response to Defendant's resentencing petition, and Defendant, through counsel, filed a reply brief to the District Attorney's response.

DEFENDANT'S SUPPLEMENTAL BRIEF

In his supplemental brief, Fakinos makes two arguments. First, he argues that when his appellate counsel in *Fakinos I* filed the appellant's brief,[2] Defendant did not have access to a law library or to his case files. He wrote several letters to his appellate counsel complaining about insufficiency of representation. He contends that if he had had access to the library and case files, and had been provided counsel, "I would have been able to defend myself better, and would have had the assistance I needed."

Second, Defendant argues the attorney who represented him at trial in *Fakinos I* "is under investigation for numerous cases that he didn't perform a proper defense." Defendant filed a complaint, which was denied, but he contends his appellate counsel in *Fakinos I* "should have shown due diligence and waited to see the result of the investigation before filing a Wende brief."

Neither of those arguments relates to whether Defendant was eligible for relief under section 1172.6; that is, whether his conviction for attempted murder was based on the natural and probable consequences

---

[2] The brief was submitted pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

doctrine. (§ 1172.6, subd. (a).) A resentencing petition under section 1172.6 is not the means of raising ineffective assistance of counsel claims. (See *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477) [a claim of ineffective assistance of counsel must be raised on direct appeal or through a petition for writ of habeas corpus].)

DISPOSITION

The postjudgment order denying Defendant's petition for resentencing under section 1172.6 is affirmed.

SANCHEZ, ACTING P. J.

WE CONCUR:

DELANEY, J.

GOODING, J.

5